O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN CORSI, | Case No. CV-12-2243-SP |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | |
| Defendant. | |

**I.**

**<u>INTRODUCTION</u>**

On March 23, 2012, plaintiff Kristen Corsi filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income benefits ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

A single disputed issue is presented for decision here: whether the

1

Administrative Law Judge ("ALJ") properly evaluated plaintiff's credibility and subjective symptoms.

Having carefully studied, inter alia, the parties's written submissions, the Administrative Record ("AR"), and the decision of the ALJ the court concludes that, as detailed herein, the ALJ improperly considered plaintiff's credibility. Consequently, this court remands this matter to the Commissioner of the Social Security Administration ("Commissioner") in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 40 years old on the alleged disability onset date, April 1, 2006, completed two years of college. AR at 47, 85, 90, 241. Her past relevant work includes employment as a sales representative and an office clerk. *Id.* at 55-56, 237.

On August 31, 2007, plaintiff protectively filed an application for SSI. *Id.* at 78, 222-226. Plaintiff also protectively filed an application for DIB on September 12, 2007. *Id.* at 79, 227-229. She alleged disability beginning on April 1, 2006, due to leukemia and hypertension. *Id.* at 222, 227, 232, 236. The Commissioner denied plaintiff's application initially and upon reconsideration, after which she filed a request for a hearing. *Id.* at 112-121, 124.

On June 16, 2009, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id.* at 44-77. Two supplemental hearings took place on October 13, 2009 and January 21, 2010, at which plaintiff, represented by counsel, appeared and testified. *Id.* at 5-43. A medical expert and two vocational experts also variously testified at these hearings. *Id.* at 7-11, 23-25, 33-39, 48-55. The ALJ denied benefits on March 3, 2010. *Id.* at 82-100.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since April 1, 2006, the alleged onset date. *Id.* at 88.

At step two, the ALJ found that plaintiff suffered from the following severe impairments: treated pancytopenia, fatty liver disease, treated neuropathy possibly related to alcohol dependence, alcohol dependence, and depression. *Id.* If the plaintiff stopped the substance use, the ALJ found that she would continue to suffer from a severe impairment or combination of impairments. *Id.* at 91.

At step three, the ALJ found that plaintiff's impairments, including the substance use disorder, did not meet or medically equal one of the listed impairments set forth in the Listings. *Id.* at 88. Furthermore, the ALJ found that this would remain unchanged even if plaintiff stopped the substance use. *Id.* at 91

The ALJ then assessed plaintiff's residual functional capacity ("RFC")[1] and determined that she had the RFC to perform light work with the following limitations: plaintiff could stand/walk two hours a day; could sit eight hours a day, with normal breaks; could lift/carry ten pounds frequently and twenty pounds occasionally; could occasionally stoop and bend; could climb stairs; but could not climb ladders, work at heights, balance, operate motorized machinery, work around unprotected machinery, or operate foot pedals or controls. *Id.* at 89, 92. Additionally, when the substance use disorder is considered, plaintiff would be

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

off-task 20% of the time because of symptoms or absences from work, but this additional limitation would not apply if plaintiff stopped the substance use. *Id.*

The ALJ found, at step four, that plaintiff was unable to perform her past relevant work, regardless of whether she stopped the substance use. *Id.* at 90, 99.

At step five, the ALJ found that, with her substance abuse disorder, there are no jobs existing in significant numbers that plaintiff can perform. *Id.* at 90. But the ALJ further found that, if plaintiff stopped the substance use, there would be a significant number of jobs in the national economy that plaintiff could perform. *Id.* at 99. Consequently, the ALJ found that if plaintiff stopped the substance use she would not be disabled, and therefore the substance use disorder is a contributing factor material to the determination of disability. *Id.* at 100. As such, the ALJ found plaintiff is deemed not disabled under the Social Security Act from the alleged date of onset through the date of the ALJ's decision. *Id.* at 86, 100.

On April 15, 2010, plaintiff requested that the Appeals Council review the ALJ's decision. *Id.* at 211. The Appeals Council denied plaintiff's request on for review on January 23, 2012 (*id.* at 105-110), and the ALJ's decision therefore stands as the final decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Commissioner must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may

reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [AC's] conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## DISCUSSION

Plaintiff contends that the ALJ failed to properly consider plaintiff's testimony. P. Mem. at 6-11. Specifically, plaintiff argues that the reasons the ALJ provided for discounting plaintiff's credibility were not clear and convincing. *Id.* at 7-11. The court agrees that the ALJ erred in discounting plaintiff's credibility.

A plaintiff carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. *Benton ex rel. Benton*

*v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). But once a plaintiff meets that burden, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (*en banc*); *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("[A] claimant need not present clinical or diagnostic evidence to support the severity of his pain.") (internal citation omitted).

Under these circumstances, an ALJ can reject a plaintiff's subjective complaint "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton*, 331 F.3d at 1040. The ALJ may consider the following factors in weighing a plaintiff's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the plaintiff's testimony or between the plaintiff's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ here did not expressly make a first step finding, but it is implied that there was objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ did not find evidence of malingering. *See generally* AR at 89-99. Thus, in rejecting plaintiff's credibility the ALJ was required to articulate clear and convincing reasons. *See Benton*, 331 F.3d at 1040. The court is persuaded that, of the three reasons the ALJ provided for discounting plaintiff's credibility, only one is clear and convincing.

First, the ALJ noted that the plaintiff had "a pecuniary interest in the outcome of the hearing or is otherwise motivated by secondary gain." *Id.* at 94. Multiple courts have recognized the obvious, namely, that every claimant who

applies for disability benefits does so with the intent of pecuniary gain, as that is the purpose of applying for disability benefits, and therefore such interest in not a valid basis to discount a claimant's credibility. *See, e.g., Ratto v. Secretary, Dept. of Health and Human Services*, 839 F.Supp. 1415, 1429 (D. Or. 1993) ("If the desire or expectation of obtaining benefits were by itself sufficient to discredit a claimant's testimony, then no claimant (or their spouse, or friends, or family) would ever be found credible."); *Taguines v. Astrue*, No. ED CV 11–1315–PLA, 2012 WL 2805029, at *4 (C.D. Cal. July 6, 2012) ("[T]he ALJ's finding that plaintiff had a pecuniary interest in the outcome of his case was not a clear and convincing reason to find plaintiff less than credible."); *cf. Franklin v. Astrue*, No. ED CV 09-1117-VBK, 2010 WL 330239, at *2 n.3 (C.D. Cal. Jan. 21, 2010) ("The ALJ's additionally noted reason, that Plaintiff's husband is biased because he has a financial interest in seeing Plaintiff receive Social Security benefits, is not an appropriate reason to depreciate lay witness credibility."). This court likewise finds that the ALJ's statement about plaintiff's financial interest is not a clear and convincing reason to discount plaintiff's credibility.

Second, the ALJ asserted that the plaintiff's evidence was "inconsistent with or contradicted by prior statements or other evidence in the record." AR at 94. Although the ALJ fails to clearly give examples of which piece(s) of plaintiff's evidence fell short in this way, he appears to be referring to his assertion that plaintiff gave "evidence which exaggerated or magnified the facts and/or the [plaintiff's] symptoms." *Id.* Specifically, the ALJ notes plaintiff's testimony that she goes weekly to City of Hope medical facility for treatment and is there all day for her appointment, when only a few treatment records reflect appointments that might take a few hours. *Id.* Given a fair reading of the record, the ALJ appears to have mischaracterized plaintiff's testimony.

Nowhere in the record does plaintiff say that she is at City of Hope all day for her appointment. When plaintiff provided details about her City of Hope appointments, she explained that her appointments lasted most of the day because: "I go and I get my blood drawn and that takes an hour to get the results back, and then my doctor always runs late and so it's usually like a four-hour, four or five-hour day, and from Riverside to [Duarte] is not really an easy drive." *Id.* at 72. Plaintiff said further that getting her blood drawn lasted an hour and her appointments were "[a]bout a half-an-hour, a little bit longer." *Id.* The only times that the City of Hope appointments were characterized as lasting the whole day was when plaintiff's attorney asked whether going to City of Hope was "an all day affair," to which plaintiff said "yes." *Id.* at 17, 59. Plaintiff's statements about the length of her appointments at City of Hope hardly seem to be exaggerated, and the record does not bear out the ALJ's assertion that she declared that she was at City of Hope "all day" for her appointments. Therefore, plaintiff's alleged "exaggeration" or "magnification" of the facts/her symptoms is not a clear and convincing reason to discount her credibility, as it does not appear that she exaggerated or magnified anything.

Finally, the ALJ noted that he took into consideration "the appearance and demeanor of the claimant as a witness at the hearing" in concluding that plaintiff was not fully credible. *Id.* at 94. The ALJ observed that plaintiff sat for as long as 40-50 minutes at the hearing without changing positions, despite the fact that she testified that the longest she could sit was 10 minutes. *Id.* Specifically, when asked how long she could sit in a "working position . . . scooted [] up to [a] desk" with pen and paper working, plaintiff replied "probably ten minutes." *Id.* at 64.

An ALJ's reliance upon personal observations at the hearing has been condemned as "sit and squirm" jurisprudence. *See Perminter v. Heckler*, 765 F.2d

870, 871 (9th Cir. 1985) (per curiam) ("Denial of benefits cannot be based on the ALJ's observation of [plaintiff], when [plaintiff's] statements to the contrary, as here, are supported by objective evidence."). Nonetheless, the Ninth Circuit has noted that "the inclusion of the ALJ's personal observations does not render the decision improper." *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (citation omitted). And an ALJ's observations that a plaintiff engaged in behavior at the hearing that was inconsistent with that plaintiff's complaints have been held adequate to justify an ALJ's discounting of plaintiff's credibility. *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 (9th Cir. 1989). The observations of the ALJ in the instant case concerning the inconsistency between plaintiff's testimony and her actions do appear legitimate, and may constitute a clear and convincing reason supported by substantial evidence to discount plaintiff's credibility.

However, because this court concludes that two of the ALJ's three reasons for his adverse credibility finding are invalid, it must determine whether the ALJ's reliance on such reasons was harmless error. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1162 *citing Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195-97 (9th Cir.2004) (applying harmless error standard where one of the ALJ's several reasons supporting an adverse credibility finding was held invalid). The Ninth Circuit explained in *Batson* that reviewing the ALJ's credibility determination where the ALJ provides specific reasons supporting such is a substantive analysis. "So long as there remains 'substantial evidence supporting the ALJ's conclusions on . . . credibility' and the error 'does not negate the validity of the ALJ's ultimate [credibility] conclusion,' such is deemed harmless and does not warrant reversal." *Carmickle,* 522 F.3d at 1162 (citations omitted).

1  Here, the ALJ's reliance upon invalid reasons to discount plaintiff's
2 credibility outweighed his reliance upon a valid one. As such, the court cannot
3 say confidently that, excluding invalid reasons, substantial evidence remains to
4 support the ALJ's conclusion. *See Swanson v. Astrue*, No. C12–510–RSM–BAT,
5 2012 WL 5844690, at *5 (W.D. Wa. Oct. 31, 2012). The court therefore finds the
6 ALJ's errors in evaluating plaintiff's credibility were not harmless, and the issue
7 should be reconsidered on remand.

## V.

## REMAND IS APPROPRIATE

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns upon their likely utility). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, as set out above, remand is required because the ALJ erred in failing to properly evaluate plaintiff's credibility. On remand, the ALJ shall reconsider plaintiff's subjective complaints and the resulting limitations, and either credit plaintiff's testimony or provide clear and convincing reasons supported by

substantial evidence for rejecting it. The ALJ shall then proceed through steps four and five to determine what work, if any, plaintiff is capable of performing.

## VI.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

DATED: January 9, 2013

SHERI PYM
United States Magistrate Judge